PER CURIAM.
This is an appeal by the defendant City of Miami from a final judgment entered upon an adverse jury verdict in a negligence action arising out of an intersectional motor vehicle accident. The City of Miami contends that the trial court committed reversible error by refusing to instruct the jury, upon the City’s request, as to Sections 316.1235, 316.123(2), Florida Statutes (1989). The City of Miami argues that the plaintiff Nadine Maria Burley violated these traffic statutes by driving through the intersection in question without stopping when the traffic light controlling her lane of traffic showed a steady green and yellow light, and, consequently, the plaintiff was guilty of contributory negligence when she collided with an oncoming City of Miami vehicle which turned left in front of her.
We reject this argument and affirm based on a holding that (1) Section 316.-1235, Florida Statutes (1989), is applicable only to an intersectional traffic light which is “inoperative,” that is, a traffic light which is not operating at all, and (2) the traffic light in the instant case was malfunctioning, but, contrary to the City of Miami’s argument, was not “inoperative” within the meaning of Section 316.1235, Florida Statutes (1989), as, in our view, the terms “inoperative” and “malfunctioning” are not synonymous. See The American Heritage Dictionary of the English Language 678, 790 (William Morris ed., 1973) (inoperative: “not functioning”; malfunction: “to function abnormally, perform imperfectly”; neither is listed as a synonym of the other). The trial court therefore correctly rejected the City’s proposed jury instruction, and the final judgment under review is, in all respects,
Affirmed.